```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA
                              :
         - v. -
                              :   S7 10 Cr. 918 (RPP)
VADIM CHERVIN,
     a/k/a "Vadik," and       :
WILLIAM GIBBS,
                              :
            Defendants.
                              :
- - - - - - - - - - - - - - - x
```

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT VADIM CHERVIN'S MOTIONS *IN LIMINE***

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

Jason P. Hernandez
Sarah Lai
Joshua Naftalis
Assistant United States Attorneys
     - Of Counsel -

**PRELIMINARY STATEMENT**

The Government respectfully submits this Reply Memorandum of Law in opposition to defendant Vadim Chervin's motions *in limine*. For the reasons discussed below, his motions should be denied in their entirety. Defendant William Gibbs has not filed any motions *in limine*.

**DISCUSSION**

**I. Defendant Vadim Chervin's Motion To Preclude Evidence of His Prior Fraud Conviction in the Government's Case-In-Chief Should Be Denied**

Vadim Chervin ("Chervin") moves to preclude the Government from offering evidence of his prior fraud conviction (1) in the prosecution's case-in-chief, pursuant to Rule 404(b) of the Federal Rules of Evidence, and (2) as impeachment evidence, should Chervin testify, pursuant to Rule 609. His motion should be denied.

With respect to Rule 404(b), Chervin claims that his prior conviction is not probative of motive, opportunity, or plan. Those are not, however, the only possible uses of prior act evidence under Rule 404(b). As discussed in the Government's Memorandum of Law in Support of its Motions *In Limine* ("Gov't Mem."), Rule 404(b) specifically permits the use of prior act evidence to prove intent, knowledge and absence of mistake. And the Second Circuit has upheld the admission of prior criminal association with a co-conspirator to prove intent, knowledge and absence of mistake when a subsequent conspiracy involved the same

co-conspirator.  See *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Without doubt, evidence that LaGatta had previously engaged in narcotics trafficking with Zackson is highly probative of LaGatta's intent to enter into another drug conspiracy with the same co-conspirator, and to rebut LaGatta's defense of innocent association."); *United States* v. *Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992) (upholding admission of evidence of prior drug transactions involving the same parties to show "a relationship of trust between the parties and that 'they knew about transactions of this type'"); *United States* v. *Gaviria*, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (per curiam) (upholding admission of a prior uncharged drug offense because it showed that the defendant had past dealings with the same people involved in the current charge and "show[ed] how the appellants used code words to discuss the purchase of heroin [in the prior offense], [and thus] the evidence shed light upon the defendants' use of code words in discussing the purchase of cocaine [in the current offense]").

       In this case, Chervin's defense is precisely the same as that of the defendant in *Zackson*.  Chervin worked with Michael Lamond to prepare insurance bills for medical services purportedly rendered by Total Body Medical Diagnostics, P.C. ("Total Body"), which his father Aron Chervin operated.  Given that most of his co-conspirators have pleaded guilty, Vadim

Chervin cannot, and therefore does not, challenge the existence of the charged conspiracy.  *See* Def. Mem. at 7.  Instead, as his motion makes clear, he intends to testify that he was merely helping with the collection of billing data to support Total Body's bills because insurance companies challenge a large percentage of them, *see* Def. Mem. at 6, and not because he was knowingly helping to prepare fraudulent insurance bills. In other words, he will argue that he associated himself with his father's fraudulent medical services corporation for an innocent reason. This line of defense places his knowledge, intent and possibility of mistake squarely at issue.  Under those circumstances, the Government should be permitted to introduce evidence that Vadim Chervin had previously participated in a fraudulent scheme with his father, in order to prove that his association with his father's fraudulent scheme in 2010 was not due to Vadim Chervin's lack of knowledge, lack of intent, or any mistaken belief about the nature of his father's business.

Chervin's prior conviction should be admitted because it is not unduly prejudicial.  To show undue prejudice, Chervin must show that the prejudice "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Genzler*, 50 F.3d 1133, 1139 (2d Cir. 1995) (internal quotation marks and citation omitted); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151

(2d Cir. 1997) (same).  All relevant evidence is to some degree prejudicial.  Unfair prejudice, however, "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see also* Rule 403, Advisory Comm. Note (unfair prejudice under Rule 403 means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").  Stated another way, a "[d]efendant must show some *undue* prejudice, apart from the prejudice implicit in Rule 404(b) evidence."  *United States v. Vargas*, 702 F. Supp. 70, 72-73 (S.D.N.Y. 1988).  Furthermore, the fact "that evidence was 'damning' does not render it inadmissible."  *Id.* (citing *United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir. 1972)).

The Second Circuit often analyzes the prejudicial/probative issue in terms of whether the other crime or bad act evidence is "more sensational" or "more disturbing" than the crimes charged in the indictment.  *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (evidence admitted was not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (finding no undue prejudice from the introduction of prior act evidence where the evidence did not

involve conduct more serious than the charged crime and district court gave a proper limiting instruction).  That is clearly not a concern in this case.  Chervin's motion *in limine* describes his role in the prior fraud as that of a "minimal participant" and that in the "course of his clerical duties," he furthered the conspiracy by wiring $562,380 to a bank because he knew that the bank wire promoted the fraud scheme.  *See* Def. Mem. at 2-3.  By all relevant measures - the nature of the prior fraud, the amount of money involved in the prior fraud, and Chervin's role in the prior fraud - it is clear that the prior fraud is not "more sensational" or "more disturbing" than the current indictment.

Moreover, the Second Circuit has repeatedly held under Rule 403 that evidence admissible under Rule 404(b) is not unduly prejudicial to a defendant, so long as the court gives a limiting instruction to the jury explaining the proper purpose for the other crimes evidence.  *See United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996) ; *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993).  If Chervin's prior conviction is admitted pursuant to Rule 404(b), the Government respectfully requests that the Court give the appropriate limiting instruction.

## II.  Defendant Vadim Chervin's Motion To Preclude the Use of His Prior Fraud Conviction For Impeachment Purposes Should Be Denied

Chervin argues that in the event that he testifies at trial, the Government should be precluded from using his prior

5

fraud conviction to impeach him.  Chervin claims that the evidence should be excluded because his prior conviction is too old, and thus not probative, and it would be too prejudicial to admit the prior conviction.  *See* Def. Mem. at 5-7.  Chervin's arguments are meritless.

The Government previously explained in its motion *in limine* why Chervin's prior conviction is admissible under Rule 609 should he choose to testify.  *See* Gov't Mem. at 7-8, 12-14. We will not repeat those arguments here.  The Court should consider, however, that the trial strategy disclosed in Chervin's motion *in limine* makes the admission of his prior conviction under Rule 609 even more compelling.  Chervin acknowledges that if he elects to testify, his testimony will be "crucial" and that "his participation in the business must be explained by him." Def. Mem. at 6-7.  Chervin's credibility and honesty will be at the forefront when he attempts to explain to the jury why he was not a knowing participant in a second criminal conspiracy with his father, Aron Chervin.  Indeed, the parallels between the two frauds are even stronger than it may appear at first.  Chervin claims that his role in the prior fraud was "ministerial" in nature and that he furthered the conspiracy by wiring money to a bank.  His defense in this case is strikingly similar with one important distinction - Chervin says that his job was merely to prepare the insurance bills but that he hand no knowledge of the

criminal conspiracy involving the submission of those bills.  The
impeachment value of Chervin's prior conviction would thus be
substantial because Chervin's credibility with respect to his
knowledge would be a crucial issue.  Chervin's prior conviction
should therefore be admitted under Rule 609 if he elects to
testify.

**III. Defendant Vadim Chervin's Motion to Admit Indictment 10 Cr. 918 (RPP), the Plea Allocutions of His Co-Defendants, and the Deferred Prosecution Agreement of Co-Defendant Michael Lamond Should Be Denied**

The Court should deny Chervin's motion to admit into
evidence any of the indictments in this case, any of Chervin's
co-defendants' pleas of guilty (including their allocutions), and
the Deferred Prosecution offered to Michael Lamond.  This
evidence is inadmissible under a number of evidentiary rules and
in certain circumstances, their admission into evidence could
constitute reversible error.

None of the charging documents in this case are
admissible evidence.  It goes without saying that an indictment
is merely an accusation and the Court goes to great lengths in
every criminal case to instruct the jury that an indictment is
not evidence.  Nothing could undermine that prophylactic
instruction more than to introduce an indictment - any of them -
into evidence.  Admitting the indictments into evidence is almost
certainly reversible error.  In addition, the indictments are
inadmissible hearsay.  <u>See</u> Fed R. Evid. 801 and 802.  Given these

7

infirmities, it is not surprising that Chervin was unable to cite any case law in support of admitting an indictment into evidence.

Likewise, none of Chervin's co-defendants' judgments of convictions or plea allocutions should be admitted into evidence. In this case, thirteen defendants have pled guilty.  If their guilty pleas are offered into evidence, it will be extraordinarily difficult if not impossible for the jury to presume that Chervin and Gibbs are not guilty unless proven otherwise.  *See* Fed. R. Evid. 403.  The risk of guilt by association would be unacceptably high.  The prejudice to both defendants would be especially great when eleven out of the thirteen convicted defendants are not testifying, and therefore, will not be subject to cross-examination by defense counsel. Furthermore, just like the indictment, other defendants' plea allocutions are inadmissible hearsay that should not be admitted into evidence.  *See* Fed R. Evid. 801 and 802.

In support of his motion, Chervin has argued that he will not contest that there was a conspiracy to defraud insurance companies.  *See* Def. Mem. at 5-8.  Instead, he is seeking to persuade the jury that he was unknowingly a small part of a large and complex fraud that included several people with more direct involvement in the fraud.  *Id*.  Fine.  Chervin, however, does not need the underlying indictments and the guilty pleas and allocutions of thirteen co-defendants admitted into evidence to

8

elicit those facts.  Chervin can get the facts he wants to support his defense through cross-examination of the Government's witnesses without subjecting the jury to prejudicial evidence like the indictments and several guilty pleas for non-cooperators.

Finally, the fact that Michael Lamond was offered a Deferred Prosecution Agreement ("DPA") and that it was entered before the Court is inadmissible.  First, those facts and documents are not relevant.  *See* Fed. R. Evid. 401.  The fact that Michael Lamond was offered a DPA has no bearing on Vadim Chervin's guilt or innocence.  The decision to offer Lamond a DPA was based on facts and circumstances that are unique to Lamond which are not probative of Chervin's knowledge, or ultimately, his guilt or innocence.

Second, even if relevant, the offer of a DPA and the fact that it was granted should be excluded under Rule 403 because it will lead to unfair prejudice against the Government, it will confuse the issue of Chervin's guilt or innocence, and it will mislead the jury.  *See* Fed. R. Evid. 403.  Chervin hopes to use the DPA to improperly persuade the jury that because the Government gave Lamond a DPA, Chervin either should also have received one (presumably because he worked with Lamond) or that he is not guilty of the crimes charged.  Basically, Chervin wants to ride the coattails of Lamond's DPA even though the jury must

9

decide Chervin's guilt or innocence based on the evidence presented against him in court, not based on the case against against Michael Lamond.  Admitting Lamond's DPA will only confuse and mislead the jury; therefore, it should not be admitted into evidence or even mentioned at trial.

**CONCLUSION**

For the foregoing reasons, defendant Vadim Chervin's motions *in limine* should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/J.P.H.
_____

Sarah Lai
Joshua Naftalis
Jason Hernandez
Assistant U.S. Attorneys
Tel.: (212) 637-1944/2310/1024